```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------  X
SAMANTHA PALMER                                                         :
                                                                        :       17-CV-3619 (ARR) (RLM)
                       Plaintiff,                                       :
      -against-                                                         :
                                                                        :       ORDER
SCHINDLER ELEVATOR CORPORATION                                          :
                                                                        :       NOT FOR ELECTRONIC
                       Defendant.                                       :       OR PRINT PUBLICATION
----------------------------------------------------------------------  X
```

ROSS, United States District Judge:

Plaintiff, Samantha Palmer, initially filed this personal injury action against defendant, Schindler Elevator Corporation, in the Supreme Court of New York, Kings County. Defendant removed the action to this Court on June 15, 2017 on the ground that the parties are citizens of different states and the amount in controversy exceeds $75,000. See Not. of Removal, ECF No. 1. On June 22, 2017, the Honorable Roanne L. Mann, Chief United States Magistrate Judge, issued a *sua sponte* Report and Recommendation that the action be remanded due to lack of subject matter jurisdiction. See R. & R., ECF No. 7.[1] The deadline for filing objections has passed. See id. at 3.

In the Report and Recommendation, Judge Mann concluded that the allegations contained in the plaintiff's complaint and the defendant's Notice of Removal failed to allege facts sufficient to establish that the amount in controversy exceeds the jurisdictional threshold for diversity cases. Id. Specifically, Judge Mann explained that boilerplate allegations concerning plaintiff's injuries, allegations that plaintiff was injured in an amount that exceeds the jurisdiction of all lower state courts, and plaintiff's refusal to stipulate to cap damages at $75,000 were insufficient to establish the amount in controversy. Id. at 2−3. No objections to these conclusions have been filed.

---

[1] A district court may, at any time, remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c).

1

Accordingly, I have reviewed them for clear error on the face of the record, see Advisory Comm. Notes to Fed. R. Civ. P. 72(b); Brissett v. Manhattan & Bronx Surface Transit Operating Auth., No. 09-CV-874, 2011 WL 1930682, at *1 (E.D.N.Y. May 19, 2011), and have found no clear error.

On June 29, 2017, defendant filed an Amended Notice of Removal setting forth certain additional facts regarding plaintiff's injuries. See Am. Not. of Removal ("Am. Not."), ECF No. 8.[2] On July 6, 2017, defendant timely filed an objection to Judge Mann's Report and Recommendation on the basis that the "Amended Notice of Removal alleges facts adequate to establish that the amount in controversy exceeds the jurisdictional amount." See Objection, ECF No. 9. Specifically, defendant argues that the amount in controversy requirement is satisfied by the Amended Notice's new allegations that plaintiff "suffered two . . . herniated discs in her lumbar spine, requiring medical treatment including two . . . epidural steroid injections, which are surgical procedures performed under anesthesia" and "received a total of $44,956.48 in workers' compensation benefits, including $34,269.48 in indemnity payments and $10,687 in medical expenses." Objection at 1−2; Am. Not. ¶¶ 17−18.

## DISCUSSION

A defendant seeking to remove an action to federal court "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional

---

[2] A notice of removal must be filed within thirty days of the receipt by the defendant of the initial pleading setting forth the claim for relief upon which the action is based. See 28 U.S.C. § 1446(b)(1). The defendant may amend its notice of removal so long as it does so within thirty days of receipt of the state court pleading. See Valente v. Garrison From Harrison LLC, No. 15CV6522 (DLI)(MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016); Briarpatch Ltd., L.P. v. Pate, 81 F. Supp. 2d 509, 517-18 (S.D.N.Y. 2000). Defendant received the summons and complaint in this action on May 30, 2017. Am. Not. ¶ 6. Both the Notice of Removal and the Amended Notice of Removal were filed within thirty days of defendant's receipt of plaintiff's pleading, and thus I may consider the allegations of the Amended Notice in determining whether this court has jurisdiction over this action.

amount" of $75,000. Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (quoting United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994)). "To determine whether that burden has been met, [a court] look[s] first to the plaintiff['s] complaint and then to [the defendant's] petition for removal." Id. "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994).

As the Report and Recommendation explained, the plaintiff's complaint does not contain allegations sufficient to establish the amount in controversy. Rather, it contains only boilerplate allegations about the extent of plaintiff's injuries. See Compl. ¶ 23, Am. Not. Ex. A, ECF No. 8 at *12−17 ("Plaintiff . . . suffered severe and serious injuries to her body and limbs, and became and is sore, sick, lame and disabled and suffered and still suffers great pain and nervous shock, some of which injuries will be permanent in nature. . . . [B]y reason thereof, the Plaintiff . . . did seek medical aid . . . and was further caused to abstain from her usual vocation . . . and to incur loss of income . . . .").

Defendant argues that the Amended Notice of Removal provides sufficient additional allegations to satisfy the amount in controversy requirement. The Amended Notice adds three factual allegations relevant to the amount of damages: (1) plaintiff suffered two herniated discs in her lumbar spine; (2) plaintiff received medical treatment that includes two epidural steroid injections, which are surgical procedures performed under anesthesia; and (3) plaintiff has received $44,956.48 in workers' compensation benefits, including $34,269.48 in indemnity payments and $10,687 in payments for medical expenses. See Am. Not. ¶¶ 17−18.

These additional facts do not suffice to meet defendant's burden of establishing a reasonable probability that the plaintiff's claim is in excess of the $75,000 jurisdictional threshold.

3

First, the allegation that plaintiff suffered a lumbar spine injury does not establish that the amount in controversy is over $75,000. Lumbar spine injuries vary in severity and in the extent of required treatment. See Cole v. Mesilla Valley Transp., No. CV 16-841-SDD-RLB, 2017 WL 1682561, at *5 (M.D. La. Mar. 15, 2017) (detailed survey of cases involving lumbar spine injuries concluding that "general damages awards for multiple bulging discs often . . . do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections" and "[s]everal recent federal court decisions have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal"), R. & R. adopted, No. CV 16-841-SDD-RLB, 2017 WL 1684515 (M.D. La. May 1, 2017).

The allegation that the plaintiff suffered an injury that required surgical procedures likewise fails to establish that she suffered damages above $75,000. See, e.g., Thurlow v. Costco Wholesale Corp., No. 16-CV-6823-FPG, 2017 WL 387087, at *2 (W.D.N.Y. Jan. 27, 2017) (finding defendant had not met its burden to establish amount in controversy requirement upon removal when plaintiff suffered "a non-displaced fracture of the left radial head and a rupture of the lateral ulnar collateral ligament" and underwent surgery to repair her injury); Schober v. Praxair, Inc., No. 08-CV-469S, 2009 WL 1204350, at *4 (W.D.N.Y. May 4, 2009) (finding that plaintiff's injury to right hand, wrist, and forearm that required subsequent surgery "d[id] not demonstrate that his injuries are so severe" that the amount in controversy requirement was met).

Finally, although workers' compensation payments may be taken into account when determining the amount of damages,[3] the information provided in the Amended Notice regarding

---

[3] See Nickel v. Nike, Inc., No. 11 CIV. 4495 PKC, 2011 WL 4343852, at *2 (S.D.N.Y. Aug. 18, 2011). Although New York law generally provides that damages are to be offset by payments plaintiff has received from another source, N.Y. C.P.L.R. § 4545, workers' compensation payments are generally not subject to such offset. See N.Y. Workers' Comp. Law § 29(1); Rensselaer Cty. Sheriff's Dep't v. N.Y. State

4

plaintiff's payments from workers' compensation does not establish the amount in controversy. To the contrary, the bulk of workers' compensation payments that plaintiff has received are for unspecified "indemnification," and defendant has not provided any explanation as to how such payments constitute recoverable damages. Moreover, only $10,687 has been paid by workers' compensation for medical expenses, which undermines defendant's argument that plaintiff has incurred such expenses in a far greater amount.

In sum, it is the defendant's burden to establish the amount in controversy, but the defendant has failed to do so. The additional facts contained in the Amended Notice of Removal do not suffice to establish that the amount in controversy exceeds $75,000. Thus, I have no jurisdiction over this action, and it must be remanded to state court.[4]

## CONCLUSION

I hereby adopt the Report and Recommendation as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1). This action is remanded to the Supreme Court of New York, Kings County.

/s/ ARR_____
Allyne R. Ross
United States District Judge

Dated: July 18, 2017
Brooklyn, New York

---

Div. of Human Rights, 15 N.Y.S.3d 227, 233 (N.Y. App. Div. 2015). Thus, payments from workers' compensation are properly considered within plaintiff's measure of damages.

[4] I note that defendant was not without a remedy when plaintiff served her state court summons and complaint without an *ad damnum*. Under New York law, a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). If a plaintiff fails to serve a supplemental demand "within fifteen days [of the request], the court, on motion, may order that it be served." Id. Defendant could have availed itself of the state's procedures rather than removing the action to this Court without the proper basis on which to do so. See Faktorovich v. Fleet Car Lease, Inc., No. 17-CV-1824 (DLI)(LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017).